# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| BENNY HARRIS, JR. | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:16-CV-00159-MSH |
| | : Social Security Appeal |
| NANCY A BERRYHILL, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits and supplemental security income, finding that he is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Benny J. Harris filed applications for disability insurance benefits and supplemental security income on April 10, 2013, alleging that he became disabled to work on December 8, 2011. His claims were denied initially on October 15, 2013, and again after reconsideration on February 10, 2014. On March 6, 2014, he made a timely request for an evidentiary hearing before an administrative law judge (ALJ) as provided for in 20 C.F.R. §§ 404.929 *et seq* and 416.1429 *et seq.* The hearing was conducted on March 16, 2015. Plaintiff appeared with counsel and gave testimony as did an impartial vocational expert (VE). Tr. 14. The ALJ issued an unfavorable decision on April 22, 2015, denying his claims. Tr. 11-30. Plaintiff sought review by the Appeals Council but was denied on September 26, 2016. (Tr. 8-10, 1-7). Plaintiff has exhausted the administrative remedies available to him under the Social Security Act and now seeks judicial review of the Commissioner's final decision to deny his applications for benefits. This case is ripe for judicial review.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff alleges he became disabled when he was forty-seven years old. He completed high school and has past relevant work as a cashier and fast food worker. Tr. 201, 206-11. In his applications he claimed that back pain, schizophrenia, and major depression are the causes of his disability. Tr. 38-59, 200. The ALJ conducted the five-

4

step sequential analysis of disability claims set out in the Commissioner's regulations. At step two, he found that Plaintiff has "severe" impairments of lumbar degenerative disc disease, hypertension, unstable angina, depression, anxiety, and history of marijuana abuse. Finding No. 3; Tr.16. At step three, he established that Plaintiff's impairments, considered alone and in combination with one another, neither match nor medically equal any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding No. 4; Tr. 16-18. Between steps three and four, the ALJ formulated a residual functional capacity (RFC) assessment which allows Plaintiff to perform light work with both exertional and non-exertional restrictions. Finding No. 5, Tr. 18-24. In his step-four analysis, the ALJ found that this restricted RFC assessment prevents Plaintiff from returning to any of his past relevant work. Finding No. 6; Tr. 24-25. After eliciting testimony from an impartial VE, the ALJ found, at step five, that Plaintiff has jobs available to him that he can perform despite his impairments. The ALJ therefore found Plaintiff not disabled. Finding Nos. 10 and 11; Tr. 25-26.

## DISCUSSION

Although framed in a convoluted manner, Plaintiff raises a number of issues in this action. His first assertion groups sundry errors of mischaracterization of evidence, side effects of medication, incomplete hypothetical questions to the VE and improper consideration of subjective complaints. Next, he further clusters failure to give proper weight to a psychiatrist's opinion, presumptive disability at step three, and error by the Appeals Council. Third, Plaintiff claims that the ALJ found him to have the severe impairment of marijuana abuse despite a complete dearth of evidence to prove it, and

5

despite his repeated denials of use of illegal substances when routinely asked by health care providers at clinical presentations. Plaintiff contends that this unsupported finding shows ALJ bias. Only this third error has merit, although not in the exact manner he raises it.

An ALJ has a duty to develop a record that considers all medical evidence and to explain the weight he assigns to that evidence. This must be done in a manner that permits a court to conduct meaningful judicial review of the final decision by the Commissioner. *Henry v. Comm'r of Soc. Sec.,* 802 F.3d 1264, 1265 (11th Cir. 2015). The ALJ's decision here has an evidentiary gap that prevents a full, fair and impartial assessment of Plaintiff's claims on the evidence as a whole and is "unfair and clearly prejudicial." *Id.* at 1270. Remand is therefore required in order for the Commissioner to meet her duty to investigate all relevant facts and issue a decision that is based on evidence, *substantial evidence*, and nothing more. On remand, the ALJ shall develop a full and fair record. *Todd v. Heckler,* 736 F.2d 641, 642 (11th Cir. 1984). He must do so by filling the evidentiary gap that exists in the present record of his step-two analysis of the severe impairment of marijuana abuse or by proceeding through the sequential analysis while excluding that "impairment."

## CONCLUSION

For the reasons stated above, the action is remanded for further administrative proceedings in accordance with the instructions herein.

SO ORDERED, this 2nd day of October, 2017.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE